[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
PLAINTIFF'S MOTION FOR MODIFICATION (#122)
The parties' marriage was dissolved on March 10, 1989 at CT Page 2671 which time the parties' agreement was accepted by the court and orders entered accordingly. Inter alia, the defendant was ordered to pay $1.00 per year as alimony and to pay for and provide health insurance for the benefit of the plaintiff for three (3) years.
The plaintiff had an initial left hip replacement in 1980, a second hip replacement in 1983 and her doctor has recommended a third operation now be done. It is a condition plaintiff has had since her youth, and the condition was within the contemplation of the parties at the time of the dissolution.
The fact that the defendant's responsibility for the plaintiff's medical coverage will soon expire was a circumstance created at the time of the dissolution. It cannot now be transformed into a change of circumstances.
The plaintiff now earns $197.43 net weekly income. At the time of the dissolution, she listed $130 weekly net wages on her financial affidavit. The defendant now earns $678 net weekly from his position as a city fireman and as president of the firefighters union. He held both positions at the time of the dissolution, and had net weekly wages of $630 after adding back a credit union deduction of $202. He also received a V.A. pension of $95 weekly, which was $90 in 1989. His employment, except for a new union contract, has not changed.
The youngest child may need medical care including therapy. Her needs are addressed by child support, medical coverage furnished by her father and an agreed upon equal division of unreimbursed medical bill balances. Although the judgment provides for joint custody, the doctor called by the plaintiff to testify was not even aware of the parties' dissolution while making his initial evaluation of the youngest child's needs. The child's circumstances cannot provide a basis for a modification of alimony, although it might furnish a basis to deviate from the child support guidelines if deviation criteria be proven. That is not before the court today. CT Page 2672
The plaintiff's motion is denied.
HARRIGAN, JUDGE